MARÍA NAZARIA GONZÁLEZ RIVERA ET AL., Plaintiffs and Appellants, *v.* SUCCESSION OF FRANCISCO ROQUÉ ET AL., Defendants and Appellees.

No. 6378. Argued June 17, 1934.—Decided September 29, 1934.

*C. Domínguez Rubio* for appellants. *Monserrat & Monserrat* for appellee Cruz.

Mr. Chief Justice Del Toro delivered the opinion of the Court.

The complaint in this case was filed in the District Court of Guayama on July 22, 1930. This was an action brought by the widow and heirs of José María González against the heirs of Francisco Roqué and against Manuel Cruz. Two causes of action are exercised therein: a revendicatory action and an action for damages.

Its averments in brief, are the following: González married plaintiff Nazaria in 1867 and had with her nine children.

During the matrimony, he acquired by purchase two parcels of land, one of 80 acres (*cuerdas*) and another of 75, and by inheritance another of 50. He died on July 16, 1893. In 1895 his widow, in the name of the Succession, prosecuted in the Municipal Court of Aibonito possession title proceedings to establish title to said three parcels which measure together 175 acres (*cuerdas*). The possessory title was established and recorded in the Registry of Property of Guayama, on November 1895. Sometime after the death of González, Francisco Roqué took possession of a parcel of 83 acres (*cuerdas*) from said property, and in 1905 prosecuted for his benefit possession title proceedings falsely claiming that he had been adjudicated in payment of a debt that land by the Succession of González on August 1899. The proceedings were decided in his favor and the possession title recorded in the registry. On June 9, 1906, Roqué sold by public deed said land to defendant Cruz, who has been in possession thereof ever since, and who died in 1912, his heirs, children and grandchildren, being named in the complaint.

The plaintiffs further allege that the Succession of González never prosecuted testamentary or necessity and utility proceedings for the adjudication in payment; that at the time of the pretended adjudication seven of the children of González were under age; that said adjudication was never done, the plaintiffs not even having any knowledge thereof, Roqué having acted in bad faith, and that the purchaser Cruz knew or might have known, by the registry that the title of Roqué was false, he having personal knowledge of the fact that there were minors in the succession, and he having been required several times to return the property.

The foregoing refers to the first cause of action. Regarding the second cause of action it is claimed that defendant Cruz has received profits from the property to the sum of $5,000.

The defendants, heirs of Roqué, were summoned and did not appear. Their default was entered. Defendant Cruz

defended himself denying the facts of the complaint adverse to him, and claiming, in brief, that he had purchased from the register owner and that he had not received the benefits claimed by the plaintiffs. As special defenses he alleged: lack of facts sufficient to constitute the causes of action exercised; the ordinary prescription provided by Sections 1931, 1841, and 1858 of the Civil Code; the extraordinary prescription authorized by Sections 1931, 1860 and 1861 of the same legal body, and the prescription of the actions exercised by the plaintiffs in accordance with Sections 1268 and 1864 of said Civil Code.

The case went to trial, and after hearing ample witnesses and documentary evidence, the court finally rendered judgment dismissing the complaint with costs to the plaintiffs. They took an appeal and filed an exhaustive brief wherein they argue all the questions involved in the case.

We have examined the pleadings, the evidence and the briefs and we are convinced of the justice of the judgment appealed from. Several grounds sustain said judgment. We will limit ourselves to a written reference to two of them.

■■■■ The trial court considered the existence of the ordinary prescription in favor of defendant Cruz as follows:

"Section 1831 of the Civil Code of 1911 corresponding to Section 1830 of the code now in force, literally transcribed reads as follows:

" 'Ownership and other property rights are acquired by prescription in the manner and under the conditions specified by law.

" 'Rights and actions, of any kind whatsoever, also are extinguished by prescription in the same manner.'

"Section 1841 of the code of 1911 corresponding to Section 1840 of that of 1930, states:

" 'For ordinary prescription of ownership and other property rights, it is necessary to possess things in good faith and under a proper title, during the time specified by law.'

"Section 1858 of the code of 1911, corresponding to Section 1857 of that of 1930 provides:

" 'Ownership and other property rights in real property shall prescribe by possession for ten years as to persons present, and for

twenty years with regard to those absent, with good faith and with a proper title.'

"And finally Section 1841 of the Civil Code in force, provides that:

" 'Possession must be in the capacity of an owner, public peaceful, and uninterrupted.'

"Therefore, the following are essential requirements for the acquisition of ownership by prescription; possession in the capacity of an owner, public, peaceful, and uninterrupted, with good faith, and with a proper title, for ten years as to persons present and for twenty years with regard to those absent.

"Let us examine the evidence presented to see if the defendant meets all the requirements of the law to convert his possession into ownership. According to the proof, defendant Manuel Cruz purchased the property in question from Francisco Roqué by public deed dated June 7, 1916, duly recorded in the registry of property. We have then, on behalf of the defendant, a purchase and sale title, which, according to law and precedents, is a proper title.

"As to the good faith, we have said already that not only the acquirer from the Succession González, Mr. Francisco Roqué, but also defendant Manuel Cruz, have acted in good faith in this case, since it has not been shown by the evidence offered that they acted in bad faith and with malice in this case, much more so regarding the defendant who acquired from someone who appeared in the registry of property as owner of the property in question.

"As to the possession all the evidence shows that the defendant held it as owner thereof, publicly and peacefully, since the fact of the existence of some boundary controversies between him and some of the members of the Succession González can not be considered as an interruption of possession.

"And as 24 years, one month, and 15 days have elapsed from the date on which defendant Manuel Cruz took possession of the property to the date on which the complaint was filed, July 24, 1930, it is clear and evident that the term of 10 years required by law to acquire ownership by prescription as to persons present and even as to persons absent has elapsed.

"Therefore we think that even if we could not consider the defendant a third person under the Mortgage Law, he has acquired the property involved in the present action by the ordinary prescription of ten years."

But even if it were not so, it must be accepted that the defendant Cruz is the owner of the property because he acquired it by virtue of the extraordinary prescription authorized by Section 1859 of the Civil Code, 1930 edition.

The fact that the ancestor of the plaintiffs during life had commercial transactions with Roqué is admitted by the plaintiffs themselves, and that by reason thereof the Succession owed Roqué $1,112 is a fact which was declared by the plaintiff's widow herself before notary public Casimiro Morales in Cayey on October 23, 1893.

Some time passed, the debt could not be met, and the adjudication of the lands was made in payment thereof, all this more than 30 years before the filing of the complaint.

This is shown not only by the possession title proceedings instituted by Roqué and recorded in his favor in the register ever since 1905, but also by abundant and convincing evidence of witnesses closely related to the documentary evidence brought to the trial. Even before the San Ciriaco hurricane Roqué was already in the public, peaceful, and uninterrupted possession as owner of the adjudicated parcel which was measured at that time. And Roqué did not institute the possession title proceedings behind plaintiff's back. It appears that the widow was served with notice thereof and that she entered her consent.

It seems impossible to maintain that there was never a debt, nor an adjudication in fact, nor possession also in fact by Roqué at least ever since 1899, nor a possession title proceedings instituted with the knowledge of the Succession which always has lived and even now still lives, part of it, on grounds adjacent to the lands in question.

It is a true fact that the adjudication did not comply with the essential requirements of the judicial authorization, since there were minors, a failure which rendered the adjudication ineffectual at law. But the plaintiffs waited so long to begin their action that when they did it the action was not only prescribed by the lapse of more than 30 years, but also the

defendants were in a position to present in any case and successfully, as they did, a title acquired by the possession in the capacity of an owner and enjoyed publicly and peacefully, first by Roqué and afterwards by Cruz, also for more than 30 years, in which case it is unnecessary even to consider whether or not Roqué or Cruz acted in good or bad faith or with a knowledge of the defect in the adjudication.

Section 1830 of the Civil Code, 1930 edition, states:

"Ownership and other property rights are acquired by prescription in the manner and under the conditions specified by law."

And Section 1895 of the same edition adds:

"Ownership and other property rights in real property shall also prescribe by uninterrupted possession of the same for thirty years without the necessity of title nor good faith and without distinction between present and absent persons, with the exception mentioned in Section 475, second article, Chapter I, Title VIú, Second Book, of this Code."

The exception relates to the fact that continuous and not apparent servitudes can only be acquired by virtue of a title and never by prescription.

The plaintiffs offered some evidence which tended to show that the prescription had been interrupted by the efforts of the plaintiffs near the defendant to have him return the property in question, but said evidence was in conflict with that offered by Cruz, and the conflict was decided in favor of the latter without it being shown that the court acted with passion, prejudice, or bias, or that it committed any manifest error.

The judgment appealed from must be affirmed.